UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JANET E. VOLK, Special Administrator of         Case No. 18-CV-3485 (PJS/DTS)
the Estate of Vivian D. Wigen,

        Plaintiff,

v.                                                                                          ORDER

MYRON E. WIGEN, III,

        Defendant.

---

    Suzanne W. Kvas, LUTTER, GILBERT & KVAS, LLC, for plaintiff.

    Myron E. Wigen, III, pro se.

    This is an action brought on behalf of the estate of Vivian D. Wigen against her son, defendant Myron E. Wigen, III ("Wigen"). Plaintiff Janet E. Volk, the administrator of the estate and Wigen's sister, alleges, in essence, that Wigen stole from their mother in the years leading up to her death. Wigen has challenged[1] the subject-matter jurisdiction of this Court, arguing that the Court does not have jurisdiction under

---

[1] Wigen did not file a formal motion to dismiss for lack of subject-matter jurisdiction. Instead, he simply filed a brief [ECF No. 11] arguing that the Court should dismiss the suit because diversity jurisdiction does not exist. Needless to say, Wigen's failure to make a formal motion does not bar the Court from inquiring into its own subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) ("Although Pier One failed to move to dismiss under Federal Rule of Civil Procedure 12(b)(1), '[f]ederal courts are required sua sponte to examine jurisdictional issues such as standing.'" (citation omitted)).

28 U.S.C. § 1332 because the parties are not completely diverse. The parties agree that plaintiff Janet E. Volk is a Minnesota citizen,[2] but the parties dispute whether Wigen is a also a citizen of Minnesota. For the reasons that follow, the Court concludes that, at the time that the complaint in this action was filed, Wigen was a citizen of Arizona (not Minnesota), and thus this Court has subject-matter jurisdiction.

## I. BACKGROUND

In response to a factual attack on its subject-matter jurisdiction, "a district court may look outside the pleadings to affidavits or other documents." *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018). The Court held an evidentiary hearing on the question of its jurisdiction on June 3, 2019. At that hearing, Wigen testified under oath. In addition, the parties submitted documentary evidence before, during, and after the hearing. Based on the evidence in the record, the Court makes the following findings:

First, prior to the filing of this lawsuit—and thus prior to Wigen having any motive to obscure or misrepresent his citizenship—Wigen repeatedly stated that he had moved his primary residence to Arizona. In June 2017, Wigen sold his long-time home in Minnesota shortly after signing an agreement to purchase a new home in Arizona. *See* ECF No. 12-1 at 8, 12. In a loan application, Wigen and his wife represented that

---

[2]Volk is the legal representative of the estate of decedent Vivian D. Wigen. Under 28 U.S.C. § 1332(c)(2), Volk is "deemed to be a citizen only of the same State as the decedent . . . ." Because the decedent was a citizen of Minnesota, *see* ECF No. 1 at 1, Volk too is considered a citizen of Minnesota.

their new Arizona home would become their "primary residence." ECF No. 12-1 at 19, 22. Wigen and his wife also affirmed that they "intend[ed] to move into and occupy" the Arizona property "as [their] home" within a reasonable amount of time after closing. ECF No. 12-1 at 25; *see also* ECF No. 12-1 at 37 (Wigen stating his intent to "occupy the [Arizona] property upon close of escrow").

Second, consistent with these representations, Wigen and his wife moved to Arizona in November 2017, and Arizona has been their primary residence since that time. In September 2017, Wigen paid $4,400 to a moving company in connection with what Wigen described as his "move to Arizona." ECF No. 12-1 at 43. Months later, in the summer of 2018, Wigen certified that his "present address" was his Arizona home. ECF No. 12-1 at 57-60.[3] Wigen did not return to Minnesota (with the exception of two brief trips to attend family funerals) until April 2019.

Third, after Wigen moved to Arizona, the only remaining property that he owned in Minnesota was a house in which his mother and brother had lived before her death and in which his brother continued to live following her death. ECF No. 12-2 at 1; ECF No. 12-3 at 1. Wigen himself has never "lived [in] or used" this house, according to the answer that he filed in this action. ECF No. 5 at 2. In June 2018, Wigen and his wife

---

[3]Wigen insists that he is a typical "snowbird," whose primary residence is in Minnesota, and who spends the winter in Arizona. If that were true, it would be odd for Wigen's "present address" in the *summer* of 2018 to be Arizona.

-3-

applied for a loan to be secured by this house. In the loan application, Wigen and his wife described this house as a "Secondary Residence," ECF No. 12-1 at 57, and affirmed that they did *not* "intend to occupy the property as [their] primary residence," ECF No. 12-1 at 60. Consistent with these representations, Wigen filed with McLeod County (Minnesota) an "Affidavit of Non-Homestead and Homestead Disclaimer," in which he swore that his mother's former house "is not" and "is not intended to be [his] homestead," ECF No. 12-1 at 63.

Fourth, after the complaint in this action was served on Wigen—and thus, for the first time, Wigen had a motive to establish Minnesota citizenship—Wigen quickly took steps to disavow any suggestion that he had become a citizen of Arizona. Wigen claimed that the representations that he and his wife had made that the Arizona property was their primary residence were mistaken, and Wigen filed a notice to correct some of those alleged mistakes just two weeks after being served with the complaint. ECF No. 11-4 at 1 (filed on January 16, 2019); ECF No. 4 at 1-3 (served in Arizona on January 2, 2019). Wigen then filed with this Court an affidavit in support of his request to dismiss this lawsuit. In that affidavit, Wigen asserted that he did "not intend to make Arizona [his] permanent or indefinite primary residence" and that his "intention is to remain in and reside in Minnesota during the months [he was not] residing in [his]

Arizona vacation home." ECF No. 14-1 at 2. As far as the record reflects, this is the first time that Wigen referred to his residence in Arizona as a "vacation home."

## II. DISCUSSION

This Court has subject-matter jurisdiction over this action only if Wigen was not a citizen of Minnesota at the time that the complaint was filed. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005) ("Whether diversity of citizenship exists is determined at the time the suit is filed—not when the cause of action arose."). Volk bears the burden of proving by a preponderance of the evidence that she and Wigen are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). "Citizenship is determined by a person's physical presence in a state along with his intent to remain there indefinitely." *Altimore*, 420 F.3d at 768. Due to the presumption of continuing domicile, Volk must provide "clear and unequivocal evidence" that Wigen intended to end his Minnesota citizenship and become a citizen of Arizona. *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1085-86 (8th Cir. 2017).

Although there is conflicting evidence in the record, the Court gives substantial weight to the evidence (1) that specifically addresses the question of whether Wigen moved to Arizona with the intent to "remain there indefinitely," *Altimore*, 420 F.3d at 768; and (2) that was created before Wigen had any motive to misrepresent his intentions. As described above, time and again—in formal documents provided to

banks and to the government—Wigen and his wife swore that they had moved their primary residence to Arizona and that the house they owned in Minnesota was a secondary residence and was not their homestead. Wigen is a long-term real-estate agent; he knew the purpose of the forms he signed, and he knew the meaning of the terms he used. The Court does not credit Wigen's contention that on multiple occasions and in multiple documents, he, his wife, or both made "mistakes" about whether they had moved their primary residence to Arizona.

Wigen's words were matched by his conduct. Wigen sold his long-time home in Minnesota; purchased a home in Arizona; and moved his furniture and other belongings to Arizona. At the time that the complaint was filed, Wigen had been living in Arizona continuously for over a year (including through the summer of 2018, when "snowbirds" had flown north). Like his words, Wigen's actions demonstrated a clear intent to make Arizona his new primary residence. *See, e.g.*, *Parekh v. Econ. Premier Assur. Co.*, No. CV 10-5599, 2012 WL 1020426, at *4 (E.D.N.Y. Jan. 17, 2012) (finding citizenship in the state where the plaintiff had established his "primary residence"); *Kenosha Unified Sch. Dist. v. Stifel Nicolaus & Co. Inc.*, 607 F. Supp. 2d 967, 975 (E.D. Wis. 2009) (finding Wisconsin citizenship where an individual moved with his wife and children into a "home" intended to serve as his "primary residence"); *Chaara v. Intel Corp.*, 410 F. Supp. 2d 1080, 1097 (D.N.M. 2005) (finding Colorado citizenship where the

party obtained a "new primary residence" in Colorado, took a new job, and testified under oath about his desire to leave New Mexico).

Wigen's *post*-filing conduct—including his attempts in the weeks that immediately followed the commencement of this action to obscure or reverse his acquisition of Arizona citizenship—is not entitled to much weight, as "[t]he jurisdiction of a federal court under 28 U.S.C. § 1332(a) depends on the citizenship of the parties at the time the action is commenced."  *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *see also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567 (2004) (refusing to allow "a citizenship change to cure the jurisdictional defect that existed at the time of filing"); *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("Jurisdiction is unaffected by subsequent changes in the citizenship of the parties.").

Admittedly, there is some *pre*-filing evidence in the record that supports Wigen's position, including his Minnesota driver's license, his Minnesota tax payments, and his Minnesota employment history.  Taking the record as a whole, however, the Court finds that Volk has established by clear and unequivocal evidence that Wigen was a citizen of Arizona at the time that the complaint in this action was filed.  Hence, the Court has subject-matter jurisdiction.[4]

---

[4]The parties do not dispute that the amount in controversy exceeds $75,000.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendant's request to dismiss [ECF No. 11] is

DENIED.

Dated: July 22, 2019          s/Patrick J. Schiltz
                                                      Patrick J. Schiltz
                                                     United States District Judge